BARCELÓ, DEMANDANTE-APELADO-APELANTE, *v.* DÍAZ, DEMANDADO-APELANTE-APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de servicios profesionales.

No. 2176.—Resuelto en marzo 14, 1921.

HONORARIOS DE ABOGADO—SERVICIOS PROFESIONALES—RECLAMACIÓN DE SERVICIOS PRESTADOS POR ABOGADO.—Aunque la frase ''servicios profesionales,'' según la jurisprudencia, no siempre comprende actos realizados por un agente, apoderado u otro representante, sin embargo en una acción entablada por un abogado en cobro de servicios profesionales prestados al demandado actuando a requerimiento de éste ''como consejero, consultor y defensor suyo en cuantos asuntos se relacionaren con sus intereses y con su persona,'' el demandante no está restringido por la interpretación estricta de aquella frase, la cual debe ser interpretada en relación con el contrato de servicios, pues un abogado generalmente puede cobrar por cualesquiera servicios prestados a requerimiento de su cliente siempre que no envuelvan actos ilegales o criminales, y puede por tanto dicho demandante, bajo la sola causa de acción de servicios profesionales, incluir en un pliego de particulares ordenado por la corte,

y recobrar del demandado, no sólo los servicios estrictamente profesionales sino también aquellos prestados en relación con o como incidentales a tal capacidad general de consejero o representante y dentro de los términos de tal contrato.

Los hechos están expresados en la opinión.

Abogado del apelado-apelante: *Sr. M. Benítez Flores.*

Abogado del apelante-apelado: *Sr. L. Llorens Torres.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Alega la demanda presentada en este caso, entre otros hechos, los siguientes:

"1.—Que el demandante es abogado y ejerce ante los Tribunales de la Isla.

"3.—Que en los últimos meses del año de 1914 el demandado requirió al demandante para que éste le prestase sus servicios profesionales actuando como consejero consultor y defensor del demandado en cuantos asuntos se relacionaren con sus intereses y con su persona.

"4.—Que desde aquel tiempo hasta los últimos días del mes de octubre de 1917 el demandante ha estado prestando a dicho demandado sus servicios profesionales en todos los asuntos y negocios de dicho demandado."

Un pliego de particulares solicitado por el demandado y radicado de acuerdo con una orden de la corte contiene las siguientes partidas por servicios profesionales prestados:

"1914.—Por la gestión, examen y estudio, por orden verbal del demandado, de todo lo relacionado con la venta de una casa de su propiedad a la Junta Escolar de Vieques, incluyendo viajes en automóvil a San Juan, en distintas fechas, con dicho motivo; gastos y estadía por cuenta del demandante, y cuya casa fué vendida en la suma de once mil quinientos ($11,500.00 dólares. (Cantidad ofrecida por el demandado al demandante en pago de sus servicios, $1,000.00) _____ $1,000.00

"1915.—Consulta verbal y examen, con el propósito de rescindir un contrato sobre el paso de un ferrocarril de don José J. Benítez, por la Colonia Arkadia, ha-

biendo sido, por este motivo, llamado a San Juan el demandante; viaje en automóvil y estadía_____  $250.00

"1915.—Consulta verbal y examen de toda la documentación relacionada con la liquidación de una sociedad agrícola con don José J. Benítez de Vieques, en la colonia de cañas "Paraíso," de Fajardo; examen de títulos en el Registro de la Propiedad, habiendo dado varios viajes a San Juan y a Humacao en automóvil, con gastos y estadía por cuenta del demandante_____  500.00

"1915.—Examen e investigación por mandato expreso mediante poder especial otorgado en la notaría de don Joaquín López Cruz, de Fajardo, de toda la contabilidad de la sociedad Díaz & Aboy y de la corporación Arkadia Sugar Co. desde el mes de julio de 1904 hasta el mes de septiembre del año 1915, en relación con las cuentas de don Luis M. Cintrón, Cintrón & Aboy, y Aboy, Vidal & Co., cuyos libros fueron también examinados a este respecto, habiendo tenido que abrir nuevos libros; y por último trasladados todos los libros, correspondencia y comprobantes desde San Juan a Fajardo para terminar el balance general de comprobación en la propia oficina del demandante; y habiendo dado con este motivo el referido demandante más de diez viajes en automóvil a San Juan, con estadía de dos o tres días en cada período mientras el examen se hizo en dicha ciudad, y habiendo trabajado los últimos diez días en Fajardo de día y de noche por la urgencia que el demandado requería: años de contabilidad revisados, once a $500.00_____  5,500.00
                                                                ──────────
                                                                $7,250.00

"A deducir: Valor de un automóvil Packard recibido del demandado por el demandante al terminar los trabajos de la revisión de la contabilidad antes expresada, cuyo automóvil le fué enviado por el primero al segundo en consideración de los esfuerzos, a la actividad y a la eficacia por él desplegada en dicho asunto, según la propia manifestación del demandado,_____  3,000.00
                                                                ──────────
                                                                $4,250.00

"1916.—Por estudiar, preparar y gestionar según orden verbal del demandado, la venta de su participación en en la sociedad Díaz & Aboy, y en otras propiedades

de la Arkadia Sugar Co., habiendo, con este motivo,
tenido el demandante una serie de entrevistas con don
Ramón Aboy Benítez, uno de los principales partícipes
y representante de otras participaciones y con don José
J. Benítez, el comprador, de quien obtuvo finalmente
una suma de $56,250.00 en exceso de la cantidad que
adquirieron por participaciones mayores o iguales por
lo menos don Ramón Aboy Benítez y los partícipes que
éste representaba. Con motivo de este asunto tuvo el
demandante que extender diversas minutas a medida
que era preciso resolver las dificultades que se oponían
al término de la operación, hasta extender el docu-
mento extrajudicial correspondiente con carácter pro-
visional y con diversas copias mientras se llevaba a
cabo el contrato por escritura pública. El demandan-
te tuvo que recoger las firmas de cada partícipe en el
referido documento extrajudicial. Tuvo, además, el
demandante que trasladarse a la vecina isla de Vieques
representando al demandado para hacer allí la entrega
de las propiedades vendidas y extender acta de inven-
tario que firmaron ambas partes contratantes y testigos
presentes. Tuvo el demandante, además, que ocuparse
de la ampliación y modificación del expediente testa-
mentario correspondiente a los bienes de la difunta es-
posa del demandado, muerta hacía unos cuantos años,
porque en el expediente incoado primeramente se omi-
tió hacer constar como bienes gananciales del matri-
monio de doña Carlota Longpré Benítez con don José
Agustín Díaz Gómez, precisamente los bienes que for-
maban parte de la Sociedad Díaz & Aboy adquiridos
dentro de dicho matrimonio, haciéndose necesario, por
tanto, además, la autorización judicial para dicha
venta a nombre de los menores hijos habidos en dicho
matrimonio. Fué necesario también que el deman-
dante se ocupara personalmente de liquidar en la Te-
sorería de Puerto Rico los derechos de herencia dejados
de pagar en su oportunidad y correspondientes a los
bienes omitidos, habiendo tenido que demostrar a sa-
tisfacción del Hon. Tesorero de Puerto Rico la buena
fe de tal omisión, para evitar la multa correspon-
diente. Las operaciones testamentarias con la liquida-

ción de los bienes fueron promovidas y terminadas por el demandante y el abogado don José de Guzmán Benítez, habiéndose ocupado el demandante de hacer todas las gestiones necesarias para la documentación buscando datos, obteniendo certificaciones hasta presentar a la corte para su aprobación, el expediente. Tuvo, por último el demandante que actuar como abogado representante de don José Agustín Díaz Gómez y sus menores hijos en la demanda presentada contra ellos ante la Corte de Distrito de Humacao, por don Ramón Aboy Benítez requiriéndoles para que ratificaran el contrato social de Díaz & Aboy, el cual contrato se encontraba pendiente de inscripción en el Registro de la Propiedad por haber sido ésta denegada a causa de no haber comparecido en dicho contrato la esposa de don José Agustín Díaz Gómez ni haber prestado su consentimiento para el mismo. Tales trámites hubo necesidad de llevar a cabo para poder otorgar por último la escritura de venta a don José J. Benítez, habiéndose hecho dos documentos por separado, uno para la venta a dicho señor José J. Benítez por una cantidad igual a don Ramón Aboy y otros partícipes y a don José Agustín Díaz Gómez y otros partícipes y otro documento separadamente o carta de pago a favor de don José J. Benítez por la suma de $56,250.00 recibidos por el demandado en un *check* de dicho señor como *plus* en el referido negocio. Tuvo por último, aún, el demandante que intervenir en las operaciones finales de la Arkadia Sugar Co. para liquidar los dividendos que en dicha corporación correspondían a don José Agustín Díaz Gómez. Valor de los trabajos del demandante en todas estas operaciones,_____ $25,000.00

"A deducir: Recibido por el demandante en un *check* No. 91 del demandado a cargo del American Colonial Bank,_____ 15,000.00

$10,000.00

"1916.—Reclamación ante la Corte de Distrito de Humacao a nombre de Cándido Gómez y por orden y cuenta del demandado de una cuenta administración de las colonias de caña "Brignoni" y "Berros" pertenecientes a los Señores Aboy & Show montante a

$4,312.50 habiendo sido aprobada esta cuenta a presentación y moción del demandante y mediante comprobación documental y testifical por la Corte de Distrito de Humacao con fecha 17 de agosto de 1916, habiéndole sido ofrecida al demandante por el demandado, en pago de sus honorarios la mitad de la suma cobrada_____ $2, 156. 25

"1916.—Expediente de dominio tramitado por cuenta del demandado a favor de los hijos de su hermano don Aureo Díaz, con todos los gastos y desembolsos suplidos por el demandante_____ 200. 00

"1916.—Poder generalísimo otorgado por el demandante como notario a favor de su señorita hija María Esther, yendo a la ciudad de Humacao con dicho motivo_____ 50. 00

"1916.—Estudio y redacción de un testamento ológrafo disponiendo de todos sus bienes y haciendo una distribución específica de los mismos en forma muy especial y delicada,_____ 5, 000. 00

"1916.—Gestiones por su orden verbal para la venta de la maquinaria de la Arkadia Sugar Co., yendo a Carolina, a Coamo y a Ponce con ese motivo____ 300. 00

"1917.—Nueva consulta sobre sus cuentas con don Ramón Aboy, Benítez, pretendiendo establecer una reclamación de $45,000.00 y sobre la cual dió el demandante su opinión adversa, después de haber estado casi todo un día con el demandado en su propia oficina de Fajardo examinando e investigando todos los puntos señalados por el demandado,_____ 100. 00

"1917.—Por diversas gestiones en asuntos relacionados con denuncias en la Corte de San Juan y en la Corte de Humacao en que tomaron parte algunos de sus empleados y familiares, habiendo comisionado algunos de dichos asuntos al abogado don Eugenio Benítez Castaño, quien compareció una vez ante la Corte Municipal de San Juan y otra ante la Corte Municipal de Humacao,_____ 500. 00

| | |
|---|---|
| Total, _____ | $22, 556. 00 |
| Por bonificación voluntaria,_____ | 7, 556. 25 |
| Balance, _____ | $15, 000. 00" |

El demandado solicitó la eliminación de la primera, cuarta, quinta, octava, novena y décima partidas, por contener materia extraña a las alegaciones de la demanda y ser impertinentes a la causa de acción alegada, y a la vez solicitó un pliego adicional en cuanto a las partidas segunda, tercera, sexta, undécima y duodécima, por el fundamento de que éstas no contenían los particulares y detalles ordenados por la corte.

El juez sentenciador al desestimar esta moción hizo la siguiente declaración:

"Parece que el fundamento del demandado es, que siendo el demandante un abogado, y habiendo titulado su acción 'Cobro de servicios profesionales,' no tiene derecho a incluir en la demanda, gestiones que practicara sin actuar en su capacidad de tal abogado. Pero si se atiende a los términos en que está redactada la alegación 3ª. de la demanda, que es generadora de la causa de acción, ha de verse fácilmente que el demandado requirió el demandante para que éste le prestara sus servicios profesionales en cuantos asuntos se relacionasen con sus intereses y con su persona. De suerte que, de acuerdo con el contrato que ha dado lugar a la demanda, el demandante tiene derecho a comprender en una sola reclamación, todas aquellas gestiones que practicara en beneficio del demandante, y en virtud de su requerimiento, porque todas traen su origen de un mismo convenio.

"En cuanto al otro aspecto de la moción, o sea, aquél en que se alega que ciertas partidas del bill de particulares no están debidamente especificadas, carece de fundamento, toda vez que dichas partidas están redactadas con el detalle y claridad que las circunstancias permiten, habida cuenta de la naturaleza del caso."

El demandado entonces formuló excepciones previas a la demanda por los siguientes fundamentos:

"1. Que la corte no tiene jurisdicción sobre la materia de la acción ejercitada en cuanto a los servicios legales que se alegan como prestados fuera de este distrito de Humacao.

"Se funda esta excepción en que la Ley especial para cobro de servicios legales determina que dichas acciones deben ser ejerci-

tadas ante los tribunales del lugar en que se hayan prestado dichos servicios, y ante la corte en que se hayan rendido.

"En la demanda, según ha sido ampliada por el Bill de Particulares, hay una partida que dice:

"'Por diversas gestiones en asuntos relacionados con denuncias en la Corte de San Juan y en la Corte de Humacao en que tomaron parte algunos de sus empleados y familiares, habiendo comisionado algunos de dichos asuntos al abogado don Eugenio Benítez Castaño, quien compareció una vez ante la Corte Municipal de San Juan y otra ante la Corte Municipal de Humacao: quinientos dólares.'

"Y de igual modo hay también otras partidas que se alegan como prestadas fuera de este Distrito y ante otras Cortes de Justicia.

"2. Que la demanda, en sí, y según ha sido ampliada por el Bill de Particulares, no aduce hechos suficientes para determinar la acción ejercitada en cuanto a los servicios profesionales de abogado que se reclaman.

"3. Que la demanda, en sí, y según ha sido ampliada por el Bill de Particulares, no aduce hechos suficientes para determinar la acción ejercitada en cuanto a los servicios no profesionales que se reclaman o sea, en cuanto a los servicios que se reclaman como agente, mandatario, contable y demás conceptos fuera de la profesión de abogado.

"4. Que várias acciones han sido indebidamente acumuladas en la demanda.

"Se funda esta excepción en que, si bien es cierto que todas las acciones que se ejercitan están comprendidas dentro del grupo de contratos expresos o tácitos, a que se refiere el artículo 104 del Código de Enjuiciamiento Civil, sin embargo, no pueden ser acumuladas por exigir distintos lúgares para la celebración del juicio, y porque el procedimiento para el cobro de servicios de abogado, según la ley especial que regula dicha materia es distinto del procedimiento ordinario para el cobro de servicios no profesionales.

"5. Que la demanda es ambigua, ininteligible y dudosa. Fúndase esta excepción en la vaguedad e incertidumbre con que está redactada la alegación fundamental de la demanda, que dice así:

"3°. Que en los últimos meses del año mil novecientos catorce, el demandado requirió al demandante para que éste le prestase sus servicios profesionales, actuando como consejero, consultor y defensor del demandado en cuantos asuntos se relacionaren con sus intereses y con su persona."

"Tal alegación es ambigua por la multitud de contratos que puede abarcar sin precisarlos y concretarlos; y es ininteligible y dudosa, porque realmente no determina bien si se refiere solamente a servicios legales o si abarca otros contratos no profesionales.

"Así, dicha alegación se ha prestado a que esta parte la interprete como refiriéndose tan sólo a servicios de abogado, mientras que el Hon. Juez la ha interpretado en el sentido de que abarca también servicios no profesionales.

Estas excepciones previas fueron declaradas sin lugar por las razones que a continuación se expresan:

" * * * que dichas excepciones, más bien que a la demanda de la parte actora, se refieren a un bill de particulares presentado por el demandante, en virtud de orden de esta corte.

"Los hechos expuestos en la demanda son suficientes, habida cuenta de la naturaleza de la reclamación y la causa de acción que se ejercita. Para resolver las excepciones establecidas por la parte actora digo demandada, la corte debe considerar solamente la demanda, sin parar mientes en lo que contenga el bill de particulares que no es una alegación ni forma parte de la demanda; y siendo así que ésta llena a juicio de la corte los requisitos que son indispensables a la causa de acción que se ejercita, procede se declaren sin lugar las excepciones propuestas."

El demandado establece apelación de una sentencia que le condena a pagar la suma de $4,350.25, dictada después de un juicio sobre los méritos.

Se impugna fuertemente la acción tomada por la corte sentenciadora al basar su negativa a eliminar del pliego de particulares ciertas partidas por la teoría de que la tercera alegación es suficientemente amplia para comprender servicios no profesionales, así como profesionales, y por haber declarado luego sin lugar las excepciones previas formuladas a la demanda tal como fueron ampliadas con dicho pliego de particulares, por el fundamento de que este documento no podía ser considerado como parte de la demanda al resolverse tales excepciones previas. En tanto las dos resoluciones en cuestión son susceptibles de esta interpretación

están claramente sujetas a crítica por ser incompatibles y
de no estar sostenidas por ninguna otra teoría la sentencia
tal vez no podía permitirse que subsistiera.  Pero el juez
sentenciador no expresa precisamente que los servicios es-
pecificados en el pliego no son servicios profesionales; aun-
que debe admitirse que la referencia a un solo contrato como
origen y fuente de todos los servicios prestados sostiene
hasta cierto punto el criterio del apelante que por lo demás
no es enteramente insostenible.  Si el lenguaje empleado
puede ser interpretado a la luz de la teoría enunciada más
precisamente para resolver finalmente el caso (y en manera
alguna resulta claro que el gérmen de esta idea no estaba
ya tomando forma en la mente de la corte,) entonces quizás
el pensamiento que prevalece en la orden que declara sin
lugar la moción para eliminar aunque algo vagamente ex-
presado puede ser que de acuerdo con los amplios términos
del contrato de servicios profesionales descrito en la tercera
alegación, los servicios especificados en el pliego de parti-
culares no eran necesariamente no profesionales.  Y si esto
es cierto, haya o no sido entendido de este modo por la corte,
entonces, las partidas comprendidas en el pliego de parti-
culares no constituyen una causa distinta de acción que de-
bió haber sido expresada separadamente en la demanda, sino
que están incluídas en la alegación general en cuanto al al-
cance del contrato que en la demanda se alega y respecto a
la naturaleza de los servicios que de acuerdo con la misma
se alegó habían sido prestados.  La excepción previa, por
tanto, fué debidamente desestimada ya que se considera la
demanda aisladamente y sin referencia alguna al pliego de
particulares, o si se le considera como que comprende las
partidas contenidas en tal pliego, e interpretada en relación
con ellas.  Se infiere pues que la mera incompatibilidad en
cuestión difícilmente puede considerarse como perjudicial y
por tanto como motivo suficiente de revocación.

Se ha establecido como regla general y fué la teoría de

la corte inferior al resolver el caso sobre sus méritos, que "a menos que un acto de un abogado no sea ilegal o criminal puede él por lo general cobrar por prestar cualesquiera servicios que se le haya pedido que preste." 6 C. J. 747.

El apelante insiste en su alegato en que la corte sentenciadora cometió los siguientes errores:

"Primero. Al desestimar la moción para eliminar y para más específicos particulares.

"Segundo. Al desestimar la excepción previa porque no contiene las alegaciones necesarias y además por el fundamento de que es ambigua, ininteligible y dudosa.

"Tercero. Al desestimar las excepciones fundadas en falta de jurisdicción y en indebida acumulación de acciones.

"Cuarto. En haber admitido que se practicaran pruebas relativas a servicios no profesionales de abogado.

"Quinto. En permitir al demandante que presentara pruebas de actos ejecutados como abogado sin haberse probado antes la relación de abogado y cliente.

"Sexto. En permitir que se practicara prueba de trabajos o servicios no incluídos en el pliego de particulares.

"Séptimo. En la apreciación de la prueba respecto a la declaración del testigo Guzmán Benítez.

"Octavo. En admitir como prueba (*a*) el expediente No. 4534 referente a servicios prestados a la Sucesión de Lauro Díaz y no al demandado José Agustín Díaz (*b*) el expediente No. 2139 que no se refiere a servicios suministrados al demandado Díaz.

"Noveno. Al permitir prueba subsidiaria de documentos que se decía obraban en poder del demandado sin mediar un *subpoena duces tecum.*

"Décimo. Al resolver que sin necesidad de tal orden es admisible dicha prueba.

"Undécimo. Al desestimar las numerosas objeciones hechas por el demandado al interrogatorio que tuvo lugar en el curso del juicio.

"Duodécimo. Al admitir documentos públicos y privados que fueron presentados como prueba con oposición del demandado.

"Decimotercero. Al admitir que se hicieran varias preguntas hipotéticas a los peritos a pesar de la objeción de la parte demandada, por el fundamento de que tales preguntas no estaban basadas en la prueba.

"Décimocuarto. Al desestimar una moción de *non suit*.

"Décimoquinto. En la apreciación general de la prueba dictando sentencia a favor del demandante."

El razonamiento bajo el primer señalamiento se resume por el apelante en el sentido de que comprende las siguientes proposiciones:

"1. Que la demanda expresa una sola causa de acción.

"2. Que la única acción expresada en la demanda es la reclamación de servicios de abogado.

"3. Que en la demanda no se expresa ninguna otra causa de acción por servicios que no sean profesionales.

"4. Que la frase 'servicios profesionales' no comprende otros servicios tales como los que presta un agente, apoderado, administrador, etc."

Puede admitirse la corrección de las tres primeras de estas proposiciones. También es cierto, como lo demuestra la extensa cita y copia de libros de textos y autoridades, que el término "servicios profesionales" no siempre comprende cosas realizadas por un agente, apoderado, o de otro modo ejecutadas en una capacidad representativa. Pero el voluminoso alegato del apelante no revela ninguna base sólida para la conclusión de que en una acción seguida por un abogado por servicios profesionales prestados, tanto en, como fuera de la corte, por virtud de un contrato de la clase especificada en la demanda presentada en este caso, el demandante queda obligado por la estricta interpretación que trata de dársele a las palabras en cuestión. Bajo la misma regla liberal enunciada en la obra de *Corpus Juris, supra,* las cuestiones reseñadas en el pliego de particulares, con la posible excepción de la pequeña partida relativa a la venta de la maquinaria, están claramente comprendidas en el alcance de la acción que ahora consideramos. Y aún esta partida por la cual el demandante sólo cobró $200 parece haber sido incidental si es que verdaderamente no debió haber sido incluída en una de las transacciones de más importancia.

Que la incansable energía y extensa investigación del abogado del apelante no le ha permitido presentar ninguna autoridad directamente aplicable y opuesta a la regla general invocada por la corte inferior es muy significativo.

El amplio razonamiento contenido en el segundo señalamiento se resume de igual modo por el apelante en la siguiente forma:

"1. Que cuando se reclaman servicios profesionales, es bastante alegar el valor razonable de los mismos;

"2. Que cuando se reclaman servicios *no* profesionales, es necesario alegar el precio pactado, o, a falta de éste, el sancionado por la costumbre.

"3. Que, tratándose de un mandato, es también necesario alegar el precio convenido, o que el demandante tiene por oficio la prestación de tal clase de mandato."

La primera de estas proposiciones no está sujeta a argumentación. Ella forma la base de la sentencia apelada. La premisa envuelta en la segunda y tercera hemos demostrado que es falsa.

El tercer señalamiento se funda en las reglas establecidas por el antiguo Código de Enjuiciamiento Civil referentes a compensación por servicios prestados en el curso del litigio ante las cortes. Todo el argumento estriba en los artículos 8, 12, 426–7–8 de ese código como ha sido interpretado por Manresa y otros comentaristas y que se dice continuó en vigor de acuerdo con la doctrina enunciada en los casos *Ex-parte Caraballo,* 9 D. P. R. 326 y *Giménez* v. *Brenes,* 10 D. P. R. 128. La conclusión a que de tal modo llegó el apelante es:

"1. Que la reclamación de servicios prestados en corte, debe hacerse ante la corte o tribunal donde radicare el asunto en que se prestaron dichos servicios;

"2. Que la reclamación debe incluir una minuta jurada y detallada de los servicios prestados."

·Será bastante con decir que las referidas prescripciones del antiguo Código de Procedimiento ·fueron derogadas por el nuevo Código de Enjuiciamiento Civil, aprobado en 1904, y otras leyes decretadas de tiempo en tiempo desde la ocupación americana y que los casos citados no son de aplicación.

El cuarto señalamiento meramente levanta en otra forma la misma cuestión envuelta en la moción para eliminar ciertas partidas del pliego de particulares. Nada se argumenta en apoyo de los señalamientos quinto, sexto, octavo, noveno, décimo, undécimo, duodécimo, décimotercero, décimocuarto y décimoquinto, los cuales por esta razón no requieren detenida consideración.

En el señalamiento séptimo se sugiere sin demostración alguna que la declaración del abogado Guzmán Benítez está sujeta a inferencia y que tanto él como el demandante en este caso eran abogados de la Sociedad Díaz y Aboy más bien que de José Agustín Díaz, demandado en este pleito, en el litigio con José Benítez respecto a una servidumbre de ·paso. La declaración de este testigo consta de unas sesenta páginas del récord de este caso que contiene dos piezas, el cual en cambio se compone de algo menos de mil páginas, dejándonos el apelante la tarea de encontrar alguna base para las conclusiones que se tratan de establecer de ésta y otras partes de la transcripción. Dentro de las circunstancias no creemos que tenemos la obligación de analizar los autos para determinar si todas las varias cuestiones así indicadas carecen enteramente de mérito.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso- ·ciados Wolf, del Toro y Aldrey.